UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WARREN AIKEN, JR.,

        Plaintiff,

v.                       Case No. 3:06-cv-37-J-12TEM

JOSEPH A. TRINGALI,
et al.,

        Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. The case was transferred to this Court from the Northern District of Florida.

First of all, the Complaint is indecipherable. Plaintiff lists a prosecuting attorney above his name, and it is not entirely clear whether Joseph A. Tringali is listed as a plaintiff or a defendant. It appears that Plaintiff is complaining, somewhat, about events that happened in Broward County. Broward county is located in the Southern District of Florida. Also, it appears that Plaintiff may have intended to file the case in the Southern

District of Florida as he lists the "Broward Division" at the top of the Complaint. He also names Circuit Court Judge Ana T. Gardiner at the Broward County Courthouse as a Defendant. Additionally, Plaintiff lists a large number of correctional officials as defendants; however, he does not provide their locations. He does mention the Chief of Corrections, Dan Mark, as being located at Union Correctional Institution. Plaintiff is currently confined at Union Correctional Institution.

The Statement of Facts are confusing and unclear. Plaintiff mentions a Magistrate Judge P. A. White. He mentions a triplicate grievance form. He also mentions a Warden Louise F. Griffin in Tallahassee, Florida; however, he does not explain what Warden Griffin did or did not do to deny him his constitutional rights. There is no mention of any Defendants or actions taken in Broward County and there is no mention of any actions taken by correctional officers at Union Correctional Institution.

Under the Statement of Claims portion of the Complaint, Plaintiff lists the Governor, the United States Attorney and Public Defender Michael A. Shorstein of "Salt Lake City, Jacksonville, Florida." He also appears to be asking for a custody trial. He attaches to the Complaint a referral to close management and a report of close management.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The

- 2 -

PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

>    (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

If Plaintiff is challenging a custody proceeding, that is a state court matter. If Plaintiff is challenging a conviction out of Broward County, he should file a petition for writ of habeas corpus, after exhausting his state court remedies, in the United States District Court for the Southern District of Florida.[1]

Plaintiff has failed to state a claim of constitutional dimension against any of the correction officials at Union Correctional Institutional. His vague and conclusory complaint does not satisfy the pleading requirements of 42 U.S.C. § 1983. Thus, this case will be dismissed without prejudice as frivolous.

---

[1] The Court notes that all of Plaintiff's current convictions are out of Broward County. See http://www.dc.sstate.fl.us/ActiveImates.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE.**

3.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25TH day of January, 2006.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE


sa 1/24
c:
Warren Aiken, Jr.